**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**DEMETRIUS GOHRE,**

**Plaintiff,**

**v.** **Case No. 26-C-1085**

**MICHAEL DOTSON,**
**DYLAN HOFFSTATER,**
**LUKAS ROBERTSON,**
**LT. LATURIS, and**
**ETHAN MARCZESKI,**

**Defendants.**

---

# SCREENING ORDER

---

Plaintiff Demetrius Gohre, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Gohre's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

## MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Gohre has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Gohre has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.92. Gohre's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Gohre, on July 6, 2026, he was placed on clinical observation following a suicide attempt. Gohre asserts that upon entering his new cell, he noticed feces smeared on the ceiling, vent, mirror, and door. Gohre states that, although he reported the cell's condition to CO Micheal Dotson and Lt. Lukas Robertson, they left him in the cell for hours. Gohre was taken out of the cell to get his medication, and when Dotson and Robertson tried to force him back into the cell, he physically resisted. They then placed Gohre in a different cell, but this cell had feces smeared on the door and toilet and stuffed in the door trap. Gohre states that he reported the conditions of the cell to Dotson, Robertson, Dylan Hoffstater, Lt. Laturis, and Ethan Marczeski, but they made him stay in the cell overnight, during which he could not sleep and was forced to battle with flies.

The next day, Gohre was moved to a third cell, which had feces stuffed in the floor trap, the door trap, the door window, and the tissue holder. He states that feces were also smeared on the bed and under the sink. Gohre explains that he stayed in this cell for four days and three nights and that, because feces were on the bed slab, he had to sleep on the cold floor. Gohre asserts that he came into contact with the feces multiple times. He asserts that he complained to Dotson, Robertson, Hoffstater, Laturis, and Marczeski, all of whom ignored him.

According to Gohre, it is not uncommon for staff to use observation status to punish inmates rather than for its intended purpose. Gohre also asserts that Defendants knew the conditions of the cells before they placed him into them because of the strong stench and because

the inmate who had been housed in them just before Gohre is a notorious feces smearer. Gohre asserts that he suffered mental anguish and agony while in the cells.

## THE COURT'S ANALYSIS

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (citations omitted). To state a claim, a plaintiff must allege that "the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measures of life's necessities, creating an excessive risk to the inmate's health and safety," and that the defendants were deliberately indifferent to that risk. *Id*. (citations omitted). With the foregoing legal principle in mind, the Court will allow Gohre to proceed on an Eighth Amendment claim against the Defendants based on allegations that they required him to stay in cells that they knew were covered in feces.

**IT IS THEREFORE ORDERED** that Gohre's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Gohre's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Michael Dotson, Dylan Hoffstater, Lukas Robertson, Lt. Laturis, and Ethan Marczeski.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Michael Dotson, Dylan Hoffstater, Lukas Robertson, Lt. Laturis, and Ethan Marczeski shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Gohre shall collect from his institution trust account the $348.08 balance of the filing fee by collecting monthly payments from Gohre's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Gohre is transferred to another institution, the transferring institution shall forward a copy of this Order along with Gohre's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Gohre is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable William C. Griesbach
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Gohre is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 28th day of October, 2026.

William C. Griesbach
United States District Judge